IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BELLE MEADE TOWER CONDOMINIUM ASSOCIATION,<br><br>    PLAINTIFF,<br><br>V.<br><br>BRUCE C. ROBINS, ROBINS INSURANCE AGENCY, INC., AND TRAVELERS INSURANCE COMPANY,<br><br>    DEFENDANTS. | CIVIL ACTION NO. _____ |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant, The Standard Fire Insurance Company, incorrectly designated in Plaintiff's Complaint as "Travelers Insurance Company," (hereinafter "Standard Fire"), appearing in its fiduciary[1] capacity as the fiscal agent[2] of the United States and at the expense of the United States Treasury,[3] by and through its undersigned counsel, hereby removes to this Court the state court action styled as, *Belle Meade Tower Condominium Association v. Bruce C. Robins, Robins Insurance Agency, Inc., and Travelers Insurance Company*, Case No. 11-404-IV, 20th Judicial District, Chancery Court of Davidson County, Tennessee, and as grounds for removal respectfully represents as follows:

1. On or about March 24, 2011, Plaintiff commenced the captioned action by filing a Complaint in the Chancery Court of Davidson County, Tennessee. Service on Defendant, The

---

[1] *See* 44 C.F.R. § 62.23(f).

[2] *See* 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998).

[3] *See* 42 U.S.C. § 4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998).

Standard Fire Insurance Company, incorrectly designated as "Travelers Insurance Company," has not yet been made. Plaintiff incorrectly served "Travelers Insurance Company," a MetLife company unrelated to Standard Fire or The Travelers Companies, Inc., through the Tennessee Department of Commerce and Insurance - Commissioner on March 30, 2011. Standard Fire received a courtesy copy of the Complaint on April 11, 2011. A copy of all process, pleadings, and orders filed in the state court action are attached hereto as Exhibit "A."

2. According to the allegations of the Compliant, Plaintiff claims that Plaintiff's insurance agent placed its flood coverage on the wrong type of Standard Flood Insurance Policy, which policy was issued by Standard Fire after application by Plaintiff's broker. (*See* Exhibit "A.")

3. Plaintiff further alleges that it suffered a flood loss and the Policy did not provide adequate coverage as a result of its agent's error.

4. Standard Fire participates in and issues Standard Flood Insurance Policies under the National Flood Insurance Program's ("NFIP") Write-Your-Own Program. The NFIP is a federal program created pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq*.

### EXCLUSIVE FEDERAL JURISDICTION UNDER THE NFIP

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, without regard to the amount in controversy because Plaintiff's alleged right to relief involves the interpretation of federal statutes and regulations under the NFIP and necessarily depends upon the resolution of substantial questions of federal law.

6. Specifically, taking Plaintiff's allegation as true, in order to prove damages against Standard Fire, Plaintiff will have to prove that Standard Fire negligently misrepresented to the Plaintiff that its Standard Flood Insurance Policy would protect Plaintiff's property in the event of a flood and sold Plaintiff that policy even though the Standard Flood Insurance Policy

would not fully protect the property in the event of a flood pursuant to the controlling NFIP regulations and guidelines.

7. Thus, Plaintiff's claims against Standard Fire necessarily involve consideration of the applicable rates, coverages, exclusions, conditions, and other terms of the Standard Flood Insurance Policy, which is itself a federal regulation codified at 44 C.F.R. Part 61, appendix A.

8. According to the Complaint, the insured property is located on 105 Leake Avenue, Nashville, Tennessee, 37205, which is located within the jurisdiction of the United States District Court for the Middle District of Tennessee.

9. The Notice of Removal has been timely filed under 28 U.S.C. § 1446(b).

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, because a District Court may exercise pendent jurisdiction over state law claims where the Court already has jurisdiction over a federal claim, if the federal and state claims derive from a common nucleus of operative facts and the claims are such that they should be tried in one judicial proceeding. 28 U.S.C. § 1367; *See United Mine Workers v. Gibbs*, 3838 U.S. 715 (1966).

## REMOVAL PROCEDURE

11. A copy of this notice of removal is being served upon all known counsel of record, along with a copy of the Notice to the Clerk of Court for the 20th Judicial District, Chancery Court of Davidson County, Tennessee, which Notice has been filed in that Court.

12. A copy of all process, pleadings, and orders served upon Standard Fire in the action is attached to the Listing of Parties Pursuant to 28 U.S.C. § 1447(b), and is attached hereto as Exhibit "A."

**WHEREFORE**, Defendant, The Standard Fire Insurance Company, respectfully requests that the above action, styled as, *Belle Meade Tower Condominium Association v. Bruce C. Robins, Robins Insurance Agency, Inc., and Travelers Insurance Company*, Case No. 11-404-IV, 20th Judicial District, Chancery Court of Davidson County, Tennessee, be removed to this Court.

Respectfully submitted:

_____
Mark Stamelos, Bar # 21021
KING & BALLOW
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
Telephone: (615) 259-3456
mstamelos@kingballow.com

*AND*

OF COUNSEL:
Craig Russell Blackman
(Pro Hac Motion to be filed)
Heather Tashman Fritts
(Pro Hac Motion to be filed)
**STRADLEY, RONON, STEVENS & YOUNG, LLP**
2600 One Commerce Square
Philadelphia, PA 19103-7098
Telephone: (215) 564-8000
Facsimile: (215) 564-8120
*Attorneys for Defendant*
*The Standard Fire Insurance Company incorrectly designated in Plaintiff's Complaint as "Travelers Insurance Company"*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Removal has been served, on April 28th, 2011, via first class mail delivery to:

J. David Wicker, Jr. Esquire
W. Lee Corbett, Esquire
CORBETT CROCKETT
3100 West End Avenue, Suite 1050
Nashville, TN 37203
*Counsel for Plaintiff Belle Meade Tower Condominium Association*

Bruce C. Robins
30 Burton Hills Blvd.
Nashville, TN 37215

Robins Insurance Agency, Inc.
30 Burton Hills Blvd.
Nashville, TN 37215

_____
Mark E. Stamelos, Esq.