IN THE CHANCERY COURT OF DAVIDSON COUNTY, TENNESSEE

FILED
2011 MAR 24 PM 3: 20
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

BELLE MEADE TOWER )
CONDOMINIUM ASSOCIATION, )
    Plaintiff, )
)
    Case No. _____ DC x u
)
)
vs. )    **11-404-IV**
)
)
BRUCE C. ROBINS, ROBINS )
INSURANCE AGENCY, INC., and )
TRAVELERS INSURANCE COMPANY, )
    Defendants. )

---

## COMPLAINT

---

COMES NOW the Plaintiff, Belle Meade Tower Condominium Association, and for its complaint against Bruce C. Robins, Robins Insurance Agency, Inc. and Travelers Insurance Company, say and allege:

### PARTIES

1.    Plaintiff, Belle Meade Tower Condominium Association (hereinafter the "Association"), is a Tennessee unincorporated association formed for the purpose, *inter alia,* of operating, managing, maintaining and administering the affairs of Belle Meade Tower, a condominium, located in Davidson County, Tennessee (hereinafter the "Condominium"). Its members are comprised of the co-owners of residential units within the Condominium, which is a residential condominium complex located at 105 Leake Avenue, Nashville, Davidson County, Tennessee, 37205.

2.    Robins Insurance Agency, Inc. is a Tennessee corporation with its principal place of business in Nashville, Davidson County, Tennessee. Robins Insurance Agency, Inc. may be

**EXHIBIT**

**A**

served with process through its registered agent, Bruce C. Robins, located at 30 Burton Hills Blvd, Nashville, TN 37215.

3.　　　　Bruce C. Robins is the President of Robins Insurance Agency, Inc. and is a licensed insurance provider in the State of Tennessee. Bruce C. Robins and Robins Insurance Agency, Inc. are hereinafter collectively referred to as "Robins". Bruce C. Robins may be served with process at 30 Burton Hills Blvd, Nashville, TN 37215.

4.　　　　Travelers Insurance Company (hereinafter "Travelers") is an insurance company which issued flood insurance to the Association insuring the Condominium. Travelers may be served with process through its registered agent, the Department of Commerce and Insurance – Commissioner, located at 500 James Robertson Parkway, 5th Floor, Nashville, TN 37243.

## JURISDICTION AND VENUE

5.　　　　This Court has jurisdiction over this dispute and the parties. The acts, practices, and conduct complained of occurred in Davidson County, Tennessee and thus venue lies in this Court.

## FACTS

### The Insurance Policy

6.　　　　In 2004, the Association contacted Robins in order to secure a flood insurance policy for the Condominium.

7.　　　　Robins developed, recommended, negotiated and procured a Standard Flood Insurance Policy ("SFIP") for the Association issued through Travelers. The policy procured by Robins was policy number 6004976756 (hereinafter the "Original Policy") and is attached hereto as Exhibit 1.

8.　　　　The policy developed, recommended, negotiated and procured by Robins

2

provided for $500,000.00 in building insurance coverage and $10,000.00 in content insurance coverage.

9. The Original Policy was renewed annually without issue up to and after the historic May 2010 Flood (the "Flood") that occurred in Davidson and surrounding counties in Tennessee.

### The May 2010 Flood

10. The Flood caused hundreds of thousands of dollars of damage to the Condominium and to its residents. The damages affected all of the residents and forced them to go without the use of hot water, heat, the guest rooms and the elevators in their building.

11. As of February 18, 2011, Plaintiff's losses associated with the Flood at the Condominium are $754,013.77.

12. On May 3, 2010, the Association notified Robins that the Condominium had sustained severe damage as a result of the Flood.

### Events After the Flood

13. On July 7, 2010, Robins notified the Association that the Original Policy had been incorrectly written on a General Property Form SFIP which provided no coverage for the Condominium.

14. Page 1 of the General Property Form SFIP states that the policy provides no coverage for a residential condominium building. Page 3 of the Residential Condominium Building Association Policy form (hereinafter "RCBAP") states that the policy covers only a residential condominium building in a regular program community. Thus, the Original Policy should have been written on a RCBAP form.

15. On or about July 15, 2010, Robins wrote Travelers and stated that the full policy

3

limit of the Original Policy should be paid immediately to the Association. Robins confirmed that the Association had purchased the policy in good faith and renewed it continuously for six years. A copy of the July 15, 2010 letter is attached hereto as Exhibit 2.

16. On or about August 30, 2010, Travelers advised the Association that it had cancelled the Original Policy and stated that the cancellation occurred because a General Property Form cannot be used to insure a residential condominium building. A copy of the August 30, 2010 letter is attached hereto as Exhibit 3. The Flood General Policy Cancellation of the Original Policy for the 05/07/2010 to 05/07/2011 policy period, cancellation effective 05/07/2009, is attached hereto as Exhibit 4.

17. On August 30, 2010, Travelers also advised the Association that a rewritten policy using the correct RCBAP form had been issued for the Association. The second policy, written for the 05/07/2009 to 05/07/2010 and 05/07/2010 to 05/07/2011 policy periods, is policy number 6010243059 (collectively hereinafter the "Second Policy") and is attached hereto as Exhibit 5.

18. In accordance with the Federal Emergency Management Agency (hereinafter "FEMA") requirements, the coverage was rewritten to match the amount of coverage that was originally requested for the Condominium. Therefore, the Second Policy once again provided for $500,000.00 in building insurance coverage and $10,000.00 in contents coverage.

19. The Association did not request the cancelation of the Original Policy. The coverage terms of the Second Policy were never discussed with the Association.

20. On September 16, 2010, the Association submitted their Proof of Loss ("Proof of Loss") for flood damage to the Condominium in the amount of $746,958.12.

21. On September 30, 2010, Travelers issued their denial letter and rejected the

4

Association's claim.

22. As stated in the denial letter, Travelers had determined that the Second Policy allowed them to issue payment of $525,743.65 for the damages sustained by the Condominium. However, the Association was heavily penalized under the Coinsurance section for only maintaining $500,000.00 in building insurance coverage and the final amount declared payable by Travelers, after taking the penalty and deductible into account, was $33,285.41.

23. On October 11, 2010, the Association appealed the denial of the Proof of Loss to FEMA.

24. On January 18, 2011, FEMA denied the Association's appeal stating that Robins had purchased the wrong policy for the Association and had failed to provide the information needed to properly issue the appropriate policy.

## COUNT I

### Failure to Procure – Robins

25. Plaintiff incorporates by reference paragraphs 1-24 as if set forth fully herein.

26. As the Association's broker of record, Robins had a duty as a matter of law to perform services for the Association using the skill and judgment required by professionals in Robins' business and the Association relied on Robins to do so.

27. The Association understood and expected that the policy developed, recommended, negotiated and procured by Robins for the Association was the required coverage necessary to protect the Condominium in the event of a flood.

28. The Association understood and expected that the $500,000.00 in building coverage and $10,000.00 in content developed, recommended, negotiated and procured by Robins for the Association was the coverage required to protect the Condominium in the event of

5

a flood.

29.     Plaintiff relied on the express representations by Robins that their policy would provide the necessary coverage to protect the Condominium in the event of a flood.

30.     Plaintiff further relied on the express representations by Robins that $500,000.00 in building coverage and $10,000.00 in content coverage was the required coverage necessary to protect the Condominium in the event of a flood.

31.     The Original Policy was cancelled and the Association was not properly insured for the damages caused by the Flood. Furthermore, as noted by the Coinsurance penalty, the coverage amounts selected by Robins were inadequate for purposes of insuring the Condominium. Therefore, Robins failed to develop, recommend, negotiate and/or procure flood insurance for the Association as directed.

32.     Robins is liable to Plaintiff for Plaintiff's losses associated with the Flood.

## COUNT II

### Negligent Misrepresentation – Robins and/or Travelers

33.     Plaintiff incorporates by reference paragraphs 1-32 as if set forth fully herein.

34.     Robins had a duty as a matter of law to perform services for the Association using the skill and judgment required by professionals in Robins' business. Travelers had a duty to accurately represent the coverage afforded by the policy.

35.     The Association understood and expected that the insurance developed, recommended, negotiated and procured by Defendants for the Association would provide the required coverage necessary to protect the Condominium in the event of a flood.

36.     The Association purchased the flood insurance from Travelers, based on the recommendation and advice of the Defendants.

6

37.     Plaintiff relied on the express representations by Defendants that the Original Policy would provide the necessary coverage to protect the Condominium in the event of a flood.

38.     Plaintiff further relied on the express representations by Defendants that $500,000.00 in building coverage and $10,000.00 in content coverage was the required coverage necessary to protect the Condominium in the event of a flood.

39.     The Original Policy developed, recommended, negotiated and procured by Defendants did not provide coverage for a residential condominium building and was canceled for this reason after the Flood.

40.     To date, Plaintiff's losses associated with the Flood are $754,013.77.

41.     Defendants negligently misrepresented to the Plaintiff that this flood policy would protect the Condominium in the event of a flood, and sold Plaintiff that insurance, which in fact would not protect the Condominium in the event of a flood.

42.     Defendants are liable to Plaintiff for Plaintiff's losses associated with the May Flood and/or Defendants breached their duty not to misrepresent the coverage afforded by the policy.

7

WHEREFORE, premises considered, Plaintiff requests the following relief:

1. That proper process issue and be served upon the Defendants and that the Defendants be required to answer this Complaint;

2. Judgment in Plaintiff's favor against Robins in an amount to be proven at trial sufficient to compensate Plaintiff for their losses and damages caused by Robins' failure to procure flood insurance as directed;

3. Judgment in Plaintiff's favor against Travelers and Robins in an amount to be proven at trial sufficient to compensate Plaintiff for their losses and damages caused by Travelers and Robins' negligent misrepresentations;

4. That Plaintiff be awarded costs and reasonable attorney's fees against the Defendants;

5. That Plaintiff be awarded pre-judgment and post-judgment interest;

6. That all costs of this action be taxed to the Defendants; and

7. For any and all other such relief either in law or equity as the Court may deem just and appropriate.

Respectfully Submitted,

J. David Wicker, Jr. No. 23960
W. Lee Corbett, P.C. No. 2554
CORBETT CROCKETT
3100 West End Avenue, Suite 1050
Nashville, Tennessee 37203
(615) 383-0500

Attorneys for the Plaintiff

8

PO Box 34272 Bethesda, MD 20827
800-356-6670

**The Standard Fire Insurance Company**

## STANDARD POLICY
EFFECTIVE AT 12:01 AM   05/07/2004  TO   05/07/2005
NEW POLICY DECLARATIONS
POLICY NUMBER: **6004976756**

PAYER:   INSURED

NAMED INSURED AND MAILING ADDRESS:
BELLE  MEADE CONDO ASSOCIATION

105 LEAKE AVE
NASHVILLE     TN 37205

FIRST MORTGAGEE / LENDER NAME:

LOAN NUMBER:

INSURED PROPERTY ADDRESS:
105 LEAKE AVE
NASHVILLE     TN 37205

SECOND MORTGAGEE / LENDER NAME:

LOAN NUMBER:

OTHER MORTGAGEE / LENDER NAME:

AGENT NAME AND ADDRESS:
ROBINS INSURANCE AGENCY INC
30 BURTON HLLS BLVD, #300
PO BOX 15047
NASHVILLE     TN 37215

615-665-9200

LOAN NUMBER:

---

### PROPERTY DESCRIPTION
BUILDING:
THREE OR MORE FLOORS WITH NO BASEMENT
NON-RESIDENTIAL NOT SMALL BUSINESS
NON ELEVATED BUILDING

CONTENTS:
NON-RESIDENTIAL CONTENTS LOCATED
ON FIRST FLOOR ONLY

### RATING INFORMATION
| | |
|---|---|
| PROGRAM: | REGULAR |
| ZONE: | AE |
| YEAR BUILT OR SUBSTANTIALLY IMPROVED: | PRIOR 06/15/1982 |

COMMUNITY NAME:          NASHVILLE, CITY OF & DAVIDSO
COMMUNITY NUMBER:       470040
COMM. RATING DISCOUNT: 05%
ELEVATION DIFFERENCE:

---

### AMOUNTS OF INSURANCE

| | BASIC COVERAGE | RATE | PREMIUM | ADDITIONAL COVERAGE | RATE | PREMIUM | | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|
| BUILDING: | $150,000 | X 00.83 | = $1,245.00 | $350,000 | X 00.60 | = $2,100.00 | $ | 3,345.00 |
| CONTENTS: | $10,000 | X 01.62 | = $162.00 | $0 | X 00.51 | = $0.00 | $ | 162.00 |

| | | |
|---|---|---|
| TOTAL BUILDING COVERAGE: | $500,000 | SUBTOTAL: $ 3,507.00 |
| BUILDING DEDUCTIBLE: | $10,000 | OPTIONAL DEDUCTIBLE ADJUSTMENT: $ 701.00 |
| | | COMMUNITY DISCOUNT: $ 143.00 |
| TOTAL CONTENTS COVERAGE: | $10,000 | PROBATION SURCHARGE: $ 0.00 |
| CONTENTS DEDUCTIBLE: | $10,000 | EXPENSE CONSTANT: $ 0.00 |
| | | INCREASED COST OF COMPLIANCE PREMIUM: $ 60.00 |

TOTAL WRITTEN PREMIUM: $ 2,723.00
FEDERAL POLICY SERVICE FEE: $ 30.00
TOTAL PREMIUM PAID: $ 2,753.00

PLEASE REFER TO THE GENERAL PROPERTY POLICY FORM FOR A FULL EXPLANATION OF COVERAGES

PREMIUM INCLUDES COVERAGES FOR ICC AS OF JUNE 1, 1997.

PRINT DATE: 04/15/2004

**EXHIBIT**

WYTRSRIF

TRAVELERS FLOOD INSURANCE PROGRAM
PO BOX 34272, BETHESDA, MD 20827-0272

lıllılıdılıllllımlılıllılılımlllllılılılılılıl

BELLE MEADE CONDO ASSOCIATION

105 LEAKE AVE
NASHVILLE TN 37205-3710

---

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.

---

### STANDARD FLOOD INSURANCE POLICY

### ENDORSEMENT

### Effective May 1, 2003

**This Endorsement replaces Paragraph 2, Coverage D - Increased Cost of Compliance, III - Property Covered of the Dwelling, General Property, and Residential Condominium Building Association Policies with the following paragraph.**

2. Limit of Liability

We will pay you up to $30,000 under this Coverage D -Increased Cost of Compliance, which only applies to policies with building coverage (Coverage A). Our payment of claims under Coverage D is in addition to the amount of coverage which you selected on the application and which appears on the Declarations Page.

But the maximum you can collect under this policy for both Coverage A - Building property and Coverage D - Increased Cost of Compliance cannot exceed the maximum permitted under the Act. We do not charge a separate deductible for a claim under Coverage D.

AEPDB1

 

# Robins Insurance Agency, Inc.

30 Burton Hills Blvd. • Suite 300 • P.O. Box 150437 • Nashville, TN 37215
Phone: (615) 665-9200 • Fax: (615) 665-9207 • E-mail: insurance@robinsins.com • www.robinsins.com

July 15, 2010

Ms. Jacki Stockton
Ms. Beth Williams
Travelers Insurance Company

Re: Belle Meade Tower Condo Association

Dear Jacki and Beth:

The full policy limit of $500,000 for this flood claim should be paid immediately, and I will explain this clearly. The estimated damages exceed $700,000.

The questions raised concerning our use of the non residential policy form and the policy provisions on page 12 of the policy regarding reformation of coverage are not relevant to the need for swift resolution on behalf of our client.

The engineering report due you next week will simply determine if we used the wrong policy form back in early 2004. After our numerous conversations this week directly with FEMA and CSC, I have no idea what the answer might be.

But, suppose the report indicates we should have used a different policy form, then you must go to page 12 for reformation. The policy clearly does not address this situation no matter how many times you may read it over and over.

After you remit to our client the $500,000, you can recalculate the difference in what the settlement would have been under the other policy form with coinsurance provisions, and come to my agency for the difference. Our E & O carrier will not have a problem defending us, but that is another matter for another day.

You cannot alter the policy issued and renewed for six years continuously when there was no change in the risk. Neither Travelers nor FEMA can get away with that. Nothing on page 12 or anywhere else in the policy allows you to amend the policy provisions.

The engineering report and all the conversations with all the people at CSC and Travelers is an exercise in CYA, which I can appreciate in a large organization. But, it is time to take responsibility and get this claim paid now.



Belle Meade Tower purchased a policy in good faith and I stand behind them all the way. If Travelers or FEMA think our agency made any mistakes, then the process allows us to settle that separately from the payment to our client.

Let's do the right thing and settle this today. Please call me promptly upon your review. Thank you.

Sincerely,
Robins Insurance Agency, Inc.

Bruce C. Robins, CPCU, ARM, CIC
President


**TRAVELERS**

**Chantal Cyr**

Vice President
Travelers

(860)756-1840 (phone)
(800)382-6235 (fax)

One Tower Square, 9PBA
Hartford, CT 06183

August 30, 2010

Robins Insurance Agency
Attention: Bruce C. Robins, President
30 Burton Hills Blvd.
Suite 300
Nashville, Tennessee 37215

RE:  Belle Meade Condominium Association
     Policy Number: 6004976756
     Date of Loss: 5/2/2010

Bruce,

Given the complexities and series of events that have occurred relating to the flood insurance claim made by Belle Meade Condominium under their Standard Flood Insurance Policy, we are providing you with this summary.

The Standard Fire Insurance Company "Standard Fire" is a Write Your Own "WYO" insurer in the federal government's National Flood Insurance Program "NFIP" and as such, is the Fiscal Agent of the federal government. The NFIP's Standard Flood Insurance Policy, which is federal regulation, and all disputes arising from the handling of any claim under such policy are governed exclusively by the flood insurance regulations promulgated by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C., et seq,) and Federal Common Law. This is important to note because Standard Fire, like all other WYO insurers are bound by the requirements imposed on it by FEMA. Standard Fire does not draft the insurance contract nor does it create the rules of implementation rather, Standard Fire must, by contractual obligation and as the Fiscal Agent of the government, strictly adhere to the SFIP and rules imposed on it by FEMA.

When Standard Fire received the insurance application for Belle Meade, the application stated the building was nonresidential and the estimated replacement cost was $500,000. Based upon this information a Standard Flood Insurance Program General Property Policy was issued pursuant to the NFIP. This policy also provided coverage for association-owned personal property in the amount of $10,000.

**EXHIBIT**
**3**

Standard Fire received notice of the flood loss that occurred on 5/2/2010. It was not until after Belle Meade suffered a loss on 5/2/2010 did Standard Fire know that the information relied upon by it to rate and issue the policy was incorrect. This occurred when Standard Fire sent an independent adjuster to the location to assess the damages. Upon inspection, the independent adjuster determined the property was actually one building which was a residential condominium with 10 floors devoted to residential units and an attached parking garage. Because the agent, Bruce Robins disagreed with this decision and because there would be an enormous impact on the claim, Standard Fire sent out an engineer to the location to see if there was any way to consider this building anything other than a residential condominium. The engineer came up with the same result.

Under the NFIP, a General Property Policy cannot be used to insure a residential condominium building. Because the incorrect information was identified only after a loss was filed, the policy provides for reformation to the correct policy form, here it would be a Residential Condominium Building Association Policy (RCBAP). The rules of the NFIP require us to cancel the existing policy and apply those premiums to re-write the coverage to the correct policy form at the same limits as the expiring policy for the current year and the prior year term. Standard Fire is not allowed under the rules of the program to use any overpayments in premium to purchase additional insurance to reduce the co-insurance penalty.

Because Standard Fire is not able to deviate from the rules of the NFIP, Standard Fire presented a request to FEMA to waive provisions of the SFIP so that the insured could receive an amount closer to the $500,000. FEMA denied our waiver request. As a follow up, FEMA has stated if the insured requests, FEMA will consider reformation of the policy back 6 years, beyond the current and prior year reformation outlined above. This would result in a possible additional premium refund for those years.

The current and prior year policy reformation has occurred and the current and prior term premium has been refunded to the customer. The claim has been adjusted, however, we have not yet received a signed and sworn proof of loss from the insured. The insured may submit their own signed and sworn proof and Standard Fire can pay the undisputed amount on that proof of loss or, the insured can sign one prepared by the independent adjuster. Regardless of who prepares the proof, in accordance with the SFIP, a proof of loss is required in order for any claim to be paid under the NFIP. Because we are now beyond the timeframe for submitting the proof under the program rules, we will submit a waiver request to FEMA on behalf of the policyholder. Given the current posture of this dispute, please submit that Proof to Standard Fire's counsel via counsel representing the condo association.

Among other options and rights available to the insured is the right to seek an appeal of any FEMA waiver denial directly through FEMA. We would also suggest that you provide council

to your client with respect to this policy and the limits that are necessary to provide them with adequate coverage in the future.

Respectfully,

Chantal M Cyr



**TRAVELERS**

Insurer: The Standard Fire Insurance Company
Flood Service Center    PO Box 29103
Shawnee Mission, KS 66201-1403

| Policy Number |
| --- |
| 6004976756 |



## FLOOD GENERAL POLICY CANCELLATION

| Named Insured and Mailing Address:<br><br>**BELLE MEADE CONDO ASSOCIATION**<br>**105 LEAKE AVE**<br>**NASHVILLE, TN 37205-3710**<br><br>Payor: **INSURED** | Policy Period: **05/07/2010 to 05/07/2011**<br>Policy Term: **ONE YEAR**<br>**CANCELLATION EFFECTIVE: 05/07/2009** |
| --- | --- |
| | Agent No: **0F5881**<br>**ROBINS INSURANCE AGENCY INC**<br>**PO BOX 150437**<br>**NASHVILLE, TN 37215**<br>Agent Phone: **615-665-9200** |

The building covered by this policy is located at the above mailing address unless otherwise stated below.

| RATING DESCRIPTION | |
| --- | --- |
| Property/Building | Contents Location |
| **NON-RESIDENTIAL THREE OR MORE FLOORS NO BASEMENT** | **LOWEST FLOOR ONLY ABOVE GROUND LEVEL Subject to, III. Property Covered, Paragraph B.** |

Date of construction or substantial improvement was on **01/01/1965**

| LOCATION INFORMATION |
| --- |

Community Name: **NASHVILLE & DAVIDSON COUNTY, CITY OF\*** No: **4700400326F**
Status: **REGULAR**  CRS Class: **8** FIRM Zone: **AE** Elevation Difference:    Grandfathered:

| COVERAGE AND RATING INFORMATION | | | | | |
| --- | --- | --- | --- | --- | --- |
| Coverage Type | Coverage Limit | Deductible | Rate | Deductible Adjustment | Premium |
| Building | $    500,000 | $10,000 | 00.83/01.13 | $    -743.00 | $    4,383.00 |
| Contents | $     10,000 | $10,000 | 01.62/01.01 | $     -23.00 | $      139.00 |
| | | | ICC PREMIUM | | $       60.00 |
| | | | FEDERAL POLICY FEE | | $      -75.00 |
| | | | PREMIUM REFUND | | $   -7,963.00 |
| | | | **TOTAL PREMIUM** | | $   -7,963.00 |

THIS IS NOT A BILL

Policy Changes:
**CANCELLATION - 22. CANCEL/REWRITE DUE TO**

Attachments:

**FIRST MORTGAGEE**

SUNTRUST MORTGAGE INC ISAOA
PO BOX 57028
IRVINE, CA 92619-7028

LOAN NUMBER:  0021729504

Issue Date: **07/28/2010**

. Insured Copy
**Your Insurer Is The Standard Fire Insurance Company, One Tower Square, Hartford, CT 06183**

For information about how Travelers compensates independent agents and brokers, please visit www.Travelers.com or call our toll free telephone number 1-866-904-8348. You may also request a written copy from Marketing at One Tower Square, 2GSA, Hartford, Connecticut 06183.



EXHIBIT 4

000426(2:2):33424.73


**TRAVELERS**

Insurer: The Standard Fire Insurance Company
Flood Service Center   PO Box 29103
Shawnee Mission, KS 66201-1403

| Policy Number |
| --- |
| **6010243059** |

## FLOOD RESIDENTIAL CONDO BUILDING ASSOCIATION POLICY DECLARATION - RENEWAL

| Named Insured and Mailing Address: | Policy Period: **05/07/2009 to 05/07/2010** |
| --- | --- |
| **BELLE MEADE CONDO ASSOCIATION** **105 LEAKE AVE** **NASHVILLE, TN 37205-3710** | Policy Term: **ONE YEAR** |
| Payor: **INSURED** | Agent No: **0F5881** **ROBINS INSURANCE AGENCY INC** **PO BOX 150437** **NASHVILLE, TN 37215** Agent Phone: 615-665-9200 |

The building covered by this policy is located at the above mailing address unless otherwise stated below.

| RATING DESCRIPTION | |
| --- | --- |
| Property/Building | Contents Location |
| OTHER RESIDENTIAL THREE OR MORE FLOORS NO BASEMENT HIGH RISE CONDOMINIUM 61 UNITS | LOWEST FLOOR ONLY ABOVE GROUND LEVEL AND HIGHER FLOORS Subject to, III. Property Covered, Paragraph B. |

**REPLACEMENT COST: $9,723,688**
Date of construction or substantial improvement was on **01/01/1965**

| LOCATION INFORMATION |
| --- |

Community Name: **NASHVILLE & DAVIDSON COUNTY, CITY OF*** No: **4700400326F**
Status: **REGULAR**  CRS Class: **8**  FIRM Zone: **AE**  Elevation Difference:

| COVERAGE AND RATING INFORMATION | | | | | |
| --- | --- | --- | --- | --- | --- |
| Coverage Type | Coverage Limit | Deductible | Rate | Deductible Adjustment | Premium |
| Building | $   500,000 | $10,000 | 00.85/00.19 | $   -310.00 | $   1,630.00 |
| Contents | $    10,000 | $10,000 | 00.96/00.97 | $    -15.00 | $      81.00 |
| | | | ICC PREMIUM | | $      75.00 |
| | | | ANNUAL SUBTOTAL | | $   1,786.00 |
| | | | CRS DISCOUNT | | $    -179.00 |
| | | | FEDERAL POLICY FEE | | $     735.00 |
| | | | TOTAL PREMIUM | | $   2,342.00 |

### THIS IS NOT A BILL

Policy Changes:

Attachments:
FD0004 (05-03)

**FIRST MORTGAGEE**

SUNTRUST MORTGAGE INC ISAOA
PO BOX 57028
IRVINE, CA 92619-7028

LOAN NUMBER:  0021729504

Issue Date: **07/29/2010**

Insured Copy
**Your Insurer is The Standard Fire Insurance Company, One Tower Square, Hartford, CT 06183**
For information about how Travelers compensates independent agents and brokers, please visit www.Travelers.com or call our toll free telephone number 1-866-904-8348. You may also request a written copy from Marketing at One Tower Square, 2GSA, Hartford, Connecticut 06183.


EXHIBIT



**TRAVELERS**

Insurer: The Standard Fire Insurance Company
Flood Service Center   PO Box 29103
Shawnee Mission, KS 66201-1403

| Policy Number |
|---|
| **6010243059** |

## FLOOD RESIDENTIAL CONDO BUILDING ASSOCIATION POLICY DECLARATION - RENEWAL

| Named Insured and Mailing Address: | Policy Period: **05/07/2010** to **05/07/2011** |
|---|---|
| **BELLE MEADE CONDO ASSOCIATION**<br>**105 LEAKE AVE**<br>**NASHVILLE, TN 37205-3710** | Policy Term: **ONE YEAR** |
| | Agent No: **0F5881**<br>**ROBINS INSURANCE AGENCY INC** |
| Payor: **INSURED** | **PO BOX 150437**<br>**NASHVILLE, TN 37215**<br>Agent Phone: **615-665-9200** |

The building covered by this policy is located at the above mailing address unless otherwise stated below.

| RATING DESCRIPTION | |
|---|---|
| Property/Building | Contents Location |
| **OTHER RESIDENTIAL THREE OR MORE FLOORS NO BASEMENT HIGH RISE CONDOMINIUM 61 UNITS** | **LOWEST FLOOR ONLY ABOVE GROUND LEVEL AND HIGHER FLOORS** Subject to, III. Property Covered, Paragraph B. |

**REPLACEMENT COST: $9,723,688**
Date of construction or substantial improvement was on **01/01/1965**

| LOCATION INFORMATION |
|---|

Community Name: **NASHVILLE & DAVIDSON COUNTY, CITY OF'** No: **4700400326F**

Status: **REGULAR** CRS Class: **8** FIRM Zone: **AE** Elevation Difference:   Grandfathered:

| COVERAGE AND RATING INFORMATION | | | | | | | |
|---|---|---|---|---|---|---|---|
| Coverage Type | Coverage Limit | Deductible | Rate | Deductible Adjustment | | Premium | |
| Building | $ 500,000 | $10,000 | 00.95/00.21 | $ −304.00 | | $ 1,867.00 | |
| Contents | $ 10,000 | $10,000 | 00.96/00.71 | $ −13.00 | | $ 83.00 | |
| | | | ICC PREMIUM | | | $ 75.00 | |
| | | | ANNUAL SUBTOTAL | | | $ 2,025.00 | |
| | | | CRS DISCOUNT | | | $ −203.00 | |
| | | | FEDERAL POLICY FEE | | | $ 840.00 | |
| | | | TOTAL PREMIUM | | | $ 2,662.00 | |

### THIS IS NOT A BILL

Policy Changes:                    -

Attachments:
FD0004 (05-03)

Issue Date: **07/30/2010**

**Agent Copy**
**Your Insurer is The Standard Fire Insurance Company, One Tower Square, Hartford, CT 06183**
For information about how Travelers compensates independent agents and brokers, please visit www.Travelers.com or call our toll free telephone number 1-866-904-8348. You may also request a written copy from Marketing at One Tower Square, 2GSA, Hartford, Connecticut 06183.



CERTIFIED MAIL

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INS
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

7010 2780 0001 2571 2382

7010 2780 0001 2571 2382          04/04/2011
METLIFE INSURANCE CO OF CONNECTICUT
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710



CORPORATION SERVICE COMPANY'

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street, MC 515A<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | The Standard Fire Insurance Company<br>Entity ID Number 2317464 |
| **Entity Served:** | The Standard Fire Insurance Company |
| **Title of Action:** | Belle Meade Tower Condominium Association vs. Bruce C. Robins |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Davidson County Chancery Court, Tennessee |
| **Case/Reference No:** | 11-404-IV |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 04/11/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Travelers |
| **How Served:** | Client Direct |
| **Sender Information:** | J. David Wicker, Jr.<br>615-383-0500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

 **CT Corporation**

**TO:** Kaiper Wilson
Met Life
1095 Avenue of the Americas
New York, NY 10036-6796

**RE:** Process Served in Tennessee

**FOR:** MetLife Insurance Company of Connecticut (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Belle Meade Tower Condominium Association, Pltf. vs. Bruce C. Robins, et al., Dfts. // To: MetLife Insurance Co of Connecticut<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return Form, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Davidson County Chancery Court, TN<br>Case # 11-404-IV |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for property damage as a result of flood on 5/3/10 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/07/2011 postmarked on 04/04/2011 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | J. David Wicker, Jr.<br>Corbett Crockett<br>3100 West End Avenue<br>Suite 1050<br>Nashville, TN 37203<br>615-383-0500 |
| **REMARKS:** | Papers were served by the Department of Commerce and Insurance on 3/30/11. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/07/2011, Expected Purge Date: 04/12/2011<br>Image SOP<br>Email Notification, CTServiceof Process ctserviceofprocess@metlife.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

April 4, 2011

Metlife Insurance Co Of Connecticut          Certified Mail
800 S. Gay Street, Ste 2021, % C T Corp.     Return Receipt Requested
Knoxville, TN 37929-9710                      7010 2780 0001 2571 2382
NAIC # 87726                                  Cashier # 2559

Re:     Belle Meade Tower Condo. Asso. V. Metlife Insurance Co Of Connecticut

        Docket # 11-404-I V

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served March 30, 2011, on your behalf in connection with the
above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Davidson County
    One Public Square, Suite 308
    Nashville, Tn 37201

| STATE OF TENNESSEE | | CASE FILE NUMBER |
|---|---|---|
| 20TH JUDICIAL DISTRICT | **SUMMONS** | 11-404-IV |
| CHANCERY COURT | | |

| PLAINTIFF | DEFENDANT |
|---|---|
| BELLE MEADE TOWER CONDOMINIUM ASSOCIATION | BRUCE C. ROBINS, ROBINS INSURANCE AGENCY, INC., and TRAVELERS INSURANCE COMPANY |

TO:    (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

TRAVELERS INSURANCE COMPANY, with service through
Department of Commerce and Insurance - Commissioner
500 James Robertson Parkway, 5th Floor
Nashville, TN 37243

- G   Certified Mail
- G   Davidson Co. Sheriff
- G   *Comm. Of Insurance
- G   *Secretary of State
- G   *Out of County Sheriff
- G   Private Process Server
- G   Other
-      *Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU.  YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW.  IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED |
|---|---|
| J. David Wicker, Jr. W. Lee Corbett CORBETT CROCKETT 3100 West End Avenue, Suite 1050 Nashville, Tennessee 37203 (615) 383-0500 | MAR 2 4 2011 CRISTI SCOTT, Clerk and Master By:          1 Public Square Suite 308 Nashville, TN 37201 Deputy Clerk & Master |

**NOTICE OF DISPOSITION DATE**

   The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

   If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | **Sheriff** |

***Submit one original plus one copy for each defendant to be served.

⚓ADA Coordinator, Cristi Scott (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____     ☐ Not Found _____
☐ Not Served _____     ☐ Other _____

DATE OF RETURN:

By: _____

Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20___. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of _____ Notary Public or _____ Deputy Clerk | |
| My Commission Expires: | |

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master |
| | By: _____ |
| | _____ D.C. & M. |

| STATE OF TENNESSEE | SUMMONS **ORIGINAL** | CASE FILE NUMBER |
|---|---|---|
| 20TH JUDICIAL DISTRICT | | 11-404-IV |
| CHANCERY COURT | | |

| PLAINTIFF | DEFENDANT |
|---|---|
| BELLE MEADE TOWER CONDOMINIUM ASSOCIATION | BRUCE C. ROBINS, ROBINS INSURANCE AGENCY, INC., and TRAVELERS INSURANCE COMPANY |

**TO: (NAME AND ADDRESS OF DEFENDANT)**

BRUCE C. ROBINS
30 Burton Hills Blvd
Nashville, TN 37215

Method of Service:

G Certified Mail
G Davidson Co. Sheriff
G *Comm. Of Insurance
G *Secretary of State
G *Out of County Sheriff
G Private Process Server
G Other
    *Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | FILED, ISSUED & ATTESTED    **MAR 2 4 2011** |
|---|---|
| J. David Wicker, Jr. W. Lee Corbett CORBETT CROCKETT 3100 West End Avenue, Suite 1050 Nashville, Tennessee 37203 (615) 383-0500 | CRISTI SCOTT, Clerk and Master By:     1 Public Square     Suite 308     Nashville, TN 37201    Deputy Clerk & Master |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | **Sheriff** |

***Submit one original plus one copy for each defendant to be served.

⚥ADA Coordinator, Cristi Scott (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____  ☐ Not Found _____
☐ Not Served _____  ☐ Other _____

| DATE OF RETURN: | By: |
|---|---|
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the __24__ day of __March__, 20 11, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case 11-104- to the defendant __Bruce C. Robins__. On the __28__ day of __March__ 20 11 I received the return receipt, which had been signed by __Bruce Robins__ on the __26__ day of __March__.
The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this __21__ day of __March__
_____, 20___
Signature of _____ Notary Public or ____ Deputy Clerk

*[Notary seal: MORGAN CASH, STATE OF TENNESSEE, DAVIDSON COUNTY]*

My Commission Expires _____

My Commission Expires [JULY 3] 2014

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process _____

*[Stamp: DAVIDSON CO. CLERK & MASTER 2011 MAR 28 PM 2:55]*

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thou[sand] debtor's equity interest personal prope[rty] seizure to satisfy a judgment. If a judg[ment] you in this action and you wish to clai[m] file a written list, under oath, of the ite[ms] with the clerk of the court. The list ma[y] be changed by you thereafter as neces[sary] before the judgment becomes final, it [...] execution or garnishment issued prior [...] items are automatically exempt by law [...] these include items of necessary wea[r] and your family and trunks or other re[...] such apparel, family portraits, the fam[...] Should any of these items be seized y[ou] recover them. If you do not understa[nd] exercise it, you may wish to seek the [...]

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
B. ROBINS  03-26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:
Bruce C. Robins, Registered Agent
Robins Insurance Agency, Inc.
30 Burton Hills Blvd.
Nashville, TN 37215
Restricted Delivery
Postage: $10.04

*[Stamp: DAVIDSON CO. CLERK & MASTER 2011 MAR 28]*

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☒ Yes

2. Article Number
(Transfer from service label)
7011 0110 0001 9804 2593

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master  <br><br>By: _____  <br><br>D.C. & M. |
|---|---|

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS **ORIGINAL** | FILE NUMBER<br>11·404·IV |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| BELLE MEADE TOWER<br>CONDOMINIUM ASSOCIATION | BRUCE C. ROBINS, ROBINS INSURANCE AGENCY,<br>INC., and TRAVELERS INSURANCE COMPANY |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

BRUCE C. ROBINS, Registered Agent for
ROBINS INSURANCE AGENCY, INC.
30 Burton Hills Blvd
Nashville, TN 37215

- Certified Mail
- G Davidson Co. Sheriff
- G *Comm. Of Insurance
- G *Secretary of State
- G *Out of County Sheriff
- G Private Process Server
- G Other
  *Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>J. David Wicker, Jr.<br>W. Lee Corbett<br>CORBETT CROCKETT<br>3100 West End Avenue, Suite 1050<br>Nashville, Tennessee 37203<br>(615) 383-0500 | FILED, ISSUED & ATTESTED<br><br>**MAR 24 2011**<br><br>CRISTI SCOTT, Clerk and Master<br>By:     1 Public Square<br>       Suite 308<br>       Nashville, TN 37201<br><br>            Deputy Clerk & Master |

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | **Sheriff** |

***Submit one original plus one copy for each defendant to be served.

⸙ADA Coordinator, Cristi Scott (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____   ☐ Not Found _____

☐ Not Served _____   ☐ Other _____

| DATE OF RETURN: | By: |
|---|---|
|  | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the **24** day of **March**, 20 **11**, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case to the defendant **Robins Insurance Agy** . On the **28** day of **March**, 20 **11** received the return receipt, which had been signed by **Bruce C. Robins** on the **26** day of **March**, 20 **11**.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this **24th** day of **March**, 20 **11**.

Signature of _____ Notary Public/Deputy Clerk

*Morgan Cawle*

My Commission Expires:

*[notary seal: MORGAN CAWLE — STATE OF TENNESSEE — NOTARY PUBLIC]*

My Commission Expires July 7, 2014

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a debtor's equity interest pers seizure to satisfy a judgment. you in this action and you wis file a written list, under oath, with the clerk of the court. Th be changed by you thereafter a before the judgment becomes execution or garnishment issu items are automatically exemp these include items of necessa and your family and trunks or such apparel, family portraits, Should any of these items be s recover them. If you do not un exercise it, you may wish to se

Mail list to: Clerk & Maste
1 Public Squan
Suite 308
Nashville TN 3

Please state file number on list.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bruce C. Robins
30 Burton Hills Blvd.
Nashville, TN 37215

Restricted Delivery
Postage: $ 10.99

2. Article Number
(Transfer from service label)   7011 0110 0002 9809 2586

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
B C Robins    03 26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☑ Yes

*[Clerk stamp on right side, vertical: 2011 MAR 28 — CLERK & MASTER — DAVIDSON CO. — CHANCERY CT.]*

## CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, **do certify** this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master<br><br>By: _____<br><br>D.C. & M. |
|---|---|

# ORIGINAL

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>11-404-IV |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| BELLE MEADE TOWER<br>CONDOMINIUM ASSOCIATION | BRUCE C. ROBINS, ROBINS INSURANCE AGENCY,<br>INC., and TRAVELERS INSURANCE COMPANY |

TO:    (NAME AND ADDRESS OF DEFENDANT)

Method of Service:

TRAVELERS INSURANCE COMPANY, with service through
Department of Commerce and Insurance - Commissioner
500 James Robertson Parkway, 5th Floor
Nashville, TN 37243

- G  Certified Mail
- G  Davidson Co. Sheriff
- G  *Comm. Of Insurance
- G  *Secretary of State
- G  *Out of County Sheriff
- G  Private Process Server
- G  Other
- *Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number) | FILED, ISSUED & ATTESTED     MAR 24 2011 |
|---|---|
| J. David Wicker, Jr.<br>W. Lee Corbett<br>CORBETT CROCKETT<br>3100 West End Avenue, Suite 1050<br>Nashville, Tennessee 37203<br>(615) 383-0500 | CRISTI SCOTT, Clerk and Master<br>By:            1 Public Square<br>Suite 308<br>Nashville, TN 37201<br><br>Deputy Clerk & Master |

## NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
|  | Sheriff |

***Submit one original plus one copy for each defendant to be served.

ADA Coordinator, Cristi Scott (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) *Commissioner of Insurance*

☑ Served *3|30|11* _____  ☐ Not Found *Insurance*
☐ Not Served _____  ☐ Other _____

DATE OF RETURN: *3|30|11*

BY *Quinty Daniel*

Sheriff/or other authorized person to serve process *Special*

## RETURN ON SERVICE OF SUMMONS BY MAIL *Officer*

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____ _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20___. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| --- | --- |
| Signature of ___ Notary Public or ___ Deputy Clerk | |
| My Commission Expires: | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):
   Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

   Mail list to:  Clerk & Master
                  1 Public Square
                  Suite 308
                  Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master<br><br>By: _____<br><br>D.C. & M. |
| --- | --- |